UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEJUAN PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-166-CEJ |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of DeJuan Petty (registration no. 25789) for leave to commence this action without payment of the required filing fee [Doc. #4].[1]  For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $2.50.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

---

[1]Plaintiff filed the complaint on January 22, 2013.  Although the caption bears the case number of plaintiff's underlying criminal action, *United States v. Petty*, 4:11-CR-400-HEA (E.D. Mo.), it appeared that plaintiff was attempting to bring a separate  action for prosecutorial misconduct against the Assistant United States Attorney, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  As such, the complaint was filed as a new civil action, and plaintiff was afforded the opportunity to pay the $350 filing fee or submit a motion for leave to proceed in forma pauperis if he wished to proceed with this lawsuit.  On March 7, 2013, plaintiff filed a motion to proceed in forma pauperis, along with his inmate account statement.

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $12.50, and an average monthly balance of $8.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against defendants United States of America and Tiffany G. Becker, an Assistant U.S. Attorney.

Plaintiff states that he is a defendant in a pending criminal drug action that is being prosecuted by Becker. *See United States v. Petty*, No. 4:11-CR-400-HEA (E.D. Mo.). Plaintiff alleges that, Becker is maliciously prosecuting him and that she has engaged in prosecutorial misconduct relative to the "acquisition of historical cell site information." Specifically, plaintiff claims that, on January 4, 2013, Becker "stated on record . . . that she had previously made a mistake when she stated in open court and through documents that she had personally filed and granted authorization for historical cell site information" for a certain cell phone number. Becker further stated "that a state detective filed for the order in state court and was granted authorization." Plaintiff claims that Becker thereby committed perjury, in violation of his constitutional right to due process.

## Discussion

Plaintiff brings this action against defendant Becker in her official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a

complaint is silent about defendant's capacity, the court must interpret the pleading as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Suits brought against federal officials in their official capacities are, in essence, suits against the United States of America.  Because the doctrine of sovereign immunity prevents courts from exercising subject matter jurisdiction over the United States, lawsuits against officers in their official capacities are typically barred, as well.[2] As such, plaintiff's claims against both defendants will be dismissed pursuant to § 1915(e)(2)(B).

There is an additional ground for dismissing plaintiff's claims against defendant Becker.  Because she is an Assistant U.S. Attorney,  she is entitled to absolute immunity.  A prosecutor is immune from personal liability from actions related to the performance of her public duties, including presenting evidence before a grand jury, obtaining criminal complaints and warrants, prosecuting a case, and other actions undertaken as an advocate for the government.  *Burns v. Reed*, 500 U.S. 478, 485–92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 420–31 (1976).

Finally, plaintiff has filed a document titled "Motion Request for Trial Court to Conduct an Inquiry of Discovery Violation on the Grounds to Dismiss Indictment" in which he seeks dismissal of the indictment in the criminal case and raises issues concerning the government's compliance with its discovery obligations.  This motion should be directed to the court in which the criminal case is pending, and the Clerk will be directed to file the motion in that case.

Accordingly,

---

[2]Plaintiff does not allege, nor does it appear, that the United States has consented to be held liable for constitutional violations such as those presented in this action.

-4-

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this case as *DeJuan Petty v. United States of America and Tiffany G. Becker*.

**IT IS FURTHER ORDERED** that that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's "Motion Request for Trial Court to Conduct an Inquiry of Discovery Violation on the Grounds to Dismiss Indictment" [Doc. #2] is **stricken** from this case, and the Clerk of Court is instructed to file the motion in plaintiff's criminal case, *United States v. Petty*, No. 4:11-CR-400-HEA (E.D. Mo.), along with a copy of this Order.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE